UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| LARRY BECKETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:24-cv-00033-GFVT-MAS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CROTHALL HEALTHCARE, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on a Motion for Relief from Judgment and Waiver of Arbitration [R. 13] and a Motion to Stay Arbitration Proceedings [R. 14], both filed by Plaintiff Larry Beckett, proceeding *pro se*.  In these motions, Beckett asks this Court to vacate its October 7, 2024, Agreed Order of Dismissal [R. 12], pursuant to Rule 60(b)(6), stay the ongoing arbitration proceedings, and instead allow the dispute to be litigated in federal court.  For the reasons that follow, Mr. Beckett's Motions **[R. 13; R. 14]** will be **DENIED**.

**I**

Larry Beckett worked as a Housekeeper Operations Manager, and later supervisor, at Crothall Healthcare, Inc. beginning in 2009 until his termination on January 14, 2021. [R. 1-1 at 4.]  Beckett contends that he "was subject to desperate [sic] treatment due to his race and age," and "was also a victim of retaliation by the Defendant for informing the Defendant's Human Resources of disparate treatment by the Defendant's Assistant Director, Steve Tuggle." [*Id.*] Beckett, therefore, filed the instant Complaint in Fayette Circuit Court on January 11, 2024, asserting claims for race and age discrimination under Ky. Rev. Stat. § 334.040. [*Id.* at 4-5.]

Crothall removed the case to federal court on February 5, 2024. [R. 1 at 1.]

The Parties promptly undertook a Rule 26(f) meeting and consented to the jurisdiction of a U.S. Magistrate Judge. [R. 6; R. 7.]  A scheduling order was entered on April 24, 2024, and the matter was set for a jury trial in August 2025 before Judge Stinnett. [R. 8.]  Discovery proceeded until August 2024, when Crothall discovered an arbitration agreement which had been executed between the Parties on July 8, 2020. [R. 13-1; R. 18-1.]  Crothall notified Plaintiff's counsel of the discovery and provided a copy of the arbitration agreement.  The Parties then filed a Joint Stipulation of Dismissal on September 16, 2024. [R. 11.]  The Court granted the Joint Stipulation on October 7, 2024, dismissed the entire Complaint without prejudice, and struck the case from the Court's active docket. [R. 12.]  The Parties then proceeded to arbitration.  Crothall asserts that Beckett has "fully participated in the arbitration," where "briefing on Motions for Summary Judgment are underway," as of the time of this filing. [R. 18 at 2.]

On March 19, 2026, Beckett filed the two instant motions before the Court, seeking relief from the October 7, 2024, Order, purportedly pursuant to Rule 60(b)(6), and to stay the ongoing arbitration proceedings. [R. 13; R. 14.]  During the course of the briefing on these motions, Beckett filed two additional "emergency motions" to stay arbitration proceedings, pending resolution of his motion for relief from judgment, on April 13 and April 15, 2026. [R. 20; R. 21.]  These motions are duplicative, and present effectively the same arguments as those raised in the March 19, 2026, motions.[1]  The original motions are now fully briefed and ripe for review.

---

[1] Although Beckett does not specifically move for a preliminary injunction, the structure of the briefing accompanying these motions roughly mirror the elements for a preliminary injunction.  Rather, Beckett consistently asks for a "stay"; he does not mention "preliminary injunction," nor does he cite to either Rule 65 or any preliminary injunction case law.  Consequently, the Court will not construe these as motions for preliminary injunction. Ultimately, this question is rendered moot by the fact that no stay or injunction is necessary where the underlying motion for relief from judgment will be denied.

## II

### A

Rule 60(b) allows district courts discretion to grant relief from a final judgment or order due to: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).  Although courts have considerable discretion in granting relief from a final judgment or order pursuant to Rule 60(b), that power is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  Therefore, "relief under Rule 60(b) is … extraordinary." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016).  "[A] party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Mech., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

In support of his motion, Beckett states that he "recently discovered an internal email contained within former counsel's file that had not been previously presented to this Court." [R. 13 at 2.]  The email is one from defense counsel to plaintiff's now-former counsel notifying him of the discovery of the July 2020 arbitration agreement. [R. 13-1.]  Beckett, therefore, asserts that "[t]he statements establish that Defendant did not timely rely upon or assert arbitration at the outset of this litigation." [R. 13 at 2.]  He further states that, "[t]his evidence was not previously available to Plaintiff and could not have been presented at the time of dismissal." [*Id*.] Therefore, Beckett requests relief from the order of dismissal and further requests that the Court "[r]einstate this action to the Court's active docket." [*Id*. at 4.]

Although Mr. Beckett asserts this argument under Rule 60(b)(6), which provides relief

3

for "any other reason that justifies relief," the Court agrees with Crothall that this argument is better asserted under Rule 60(b)(2), which applies to newly discovered evidence.[2]  After all, in his own words, Beckett claims that the evidence is "newly discovered." [R. 13 at 2.] To receive relief under this rule, Beckett "must demonstrate (1) that [he] exercised due diligence in obtaining the information and (2) that 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citing *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993)).  Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

There are several fatal flaws with Beckett's motion.  First, and perhaps most critically, his motion is untimely.  Because Beckett's motion is, in fact, a motion brought under Rule 60(b)(2), he is barred from seeking relief from judgment on that basis once a year has elapsed since the entry of judgment.  Here, the Court granted the Parties' stipulation of dismissal, dismissing Beckett's complaint without prejudice, on October 7, 2024. [R. 12.]  The instant motion was filed on March 19, 2026, more than one year later. [R. 13.]  Beckett does not assert that he is entitled to equitable tolling, or any other procedural device which would excuse this deadline.  Consequently, Beckett is unable to seek relief from judgment on that basis at this juncture.

Second, the Court also finds that Beckett's arguments are without merit.  Beckett

---

[2] In order to be entitled to the extraordinary and exceptional relief afforded under Rule 60(b)(6), the party seeking relief must show that the requested relief was "not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

premises his argument on the "recent discovery" of "an internal email contained within former counsel's file" which suggests, in his view, that Crothall waived its right to arbitrate by proceeding for several months through the early steps of litigation. [R. 13 at 2-3.]  Even if Beckett only recently discovered this email within his former counsel's case file, he did not "recently discover" the entire procedural history of this case.  Beckett had to know that several months into the litigation an arbitration agreement was discovered – the discovery of this agreement was the precise reason why the Parties jointly agreed to stipulate to the dismissal of the federal case. [R. 13-1.]  In fact, this email appears to be the *sole* impetus which prompted the Parties to file their joint stipulation of dismissal. [*Id*.]  Subsequently, Beckett fully participated in the arbitration process for more than a year before contending that Crothall had waived its right to arbitrate.  In other words, Beckett knew the case had proceeded for months when the arbitration agreement was discovered, and armed with that information, voluntarily agreed to dismiss this case and proceed to arbitration.  There is nothing "new" raised by the "discovery" of the email.

Consequently, because Beckett's motion for relief from judgment is both untimely and without merit, it must be denied.

**B**

Although the case will not be reopened, because the Court will deny the motion for relief from final judgment for the reasons already stated, the Court will nonetheless briefly address Beckett's arbitration waiver argument for sake of completeness.  For the reasons that follow, we need not even reach that question because, regardless, Beckett waived his right to object to the jurisdiction of the arbitrator by consenting to arbitration with knowledge of the alleged flaw.

"In determining whether a party has waived its right to arbitrate, we apply 'ordinary

waiver rules' and look for an 'intentional relinquishment or abandonment of a known right.'" *Berzanskis v. FCA US, LLC (In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.)*, 143 F.4th 718, 723 (6th Cir. 2025).  "Because a party does not often express its intent to waive a right, however, we infer that intent when a party 'takes actions that are completely inconsistent with any reliance on [its] arbitration agreement.'" *Id*. (quoting *Solo v. UPS Co.*, 947 F.3d 968, 975 (6th Cir. 2020)).  However, "a party cannot waive a right unless he first knows that right exists." *Id*. (citing *Schwebke v. United Wholesale Mortg. LLC*, 96 F.4th 971, 974 (6th Cir. 2024).  The same rule has long applied to arbitration agreements in this circuit. *Id*. (citing *Am. Locomotive Co. Chem. Rsch. Corp.*, 171 F.2d 115, 121 (6th Cir. 1948).

In addressing cases where a party belatedly seeks to compel arbitration, Courts in this circuit have found waiver even in the absence of actual knowledge, "but only because the party had all the information that it needed to determine its arbitration rights but negligently failed to do so." *Id*. at 724 (citing *Solo*, 947 F.3d at 976 ("UPS knew or should have known all the information necessary to advance these arguments" "from the moment the complaint was filed."); *Schwebke*, 96 F.4th at 976-77 ("UWM concedes that it had imputed knowledge of the employment agreement" because it possessed the relevant documents).  The Sixth Circuit has clarified, however, that it may reach a different conclusion "if the party belatedly seeking arbitration was unaware of information rendering a claim arbitrable." *Solo*, 947 F.3d at 976.

Yet even supposing, *arguendo*, that Crothall knew of the arbitration agreement, either by virtue of implication or otherwise, Beckett elected to forgo a waiver argument and consented to the jurisdiction of the arbitrator.  What we have here can perhaps best be labeled as "dueling waivers."  A waiver is "the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993).  Furthermore, "[a] party may waive its objection to

6

the jurisdiction of the arbitrators by acquiescing in the arbitration with knowledge of the possible defect." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003) (citing *Order of Ry. Conductors & Brakemen & Brotherhood of R.R. Trainmen v. Clinchfield R.R. Co.*, 407 F.2d 985 (6th Cir. 1969)).

That is precisely the issue before the Court.  Even if Crothall waived its right to arbitration, Beckett waived his right to object to arbitration when he voluntarily stipulated to the dismissal of his case and then participated in his arbitration for more than a year.  This was not a case where the defendant sought to compel arbitration and the plaintiff fought tooth and nail to contest the jurisdiction of the arbitrator.  On the contrary, the Parties jointly sought dismissal of this suit and unreservedly pursued arbitration as a litigation substitute.  Consequently, regardless of whether Crothall waived its right to arbitrate under their existing arbitration agreement, Beckett can no longer contest the jurisdiction of the arbitrator at this point.

### III

Accordingly, and the Court being otherwise sufficient advised, it is hereby **ORDERED** as follows:

1. Plaintiff Beckett's Motion for Relief from Judgment **[R. 13]** is **DENIED**;

2. Plaintiff Beckett's Motions to Stay Arbitration Proceedings **[R. 14; R. 20; R. 21]** are **DENIED AS MOOT**.

7

This the 18th day of May 2026.

Gregory F. Van Tatenhove
United States District Judge